UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED TITLE GROUP, LLC,

       Plaintiff,                     Case No. 6:16-cv-01943-ACC-GJK

vs.

REGIONS BANK,

       Defendant.
_____/

## DEFENDANT REGIONS BANK'S MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES, INCORPORATED MEMORANDUM OF LAW AND LOCAL RULE 3.01(G) CERTIFICATE

Defendant Regions Bank (the "Bank"), pursuant to Federal Rule of Civil Procedure 54(d)(2), Local Rule 4.18, and the Order Granting the Bank's Motion to Dismiss United Title Group, LLC's (the "Plaintiff") Complaint for Failure to State a Claim dated November 29, 2016 (Doc. 11), moves for entry of an Order awarding the Bank expenses, including reasonable attorneys' fees, incurred defending the claim asserted by Plaintiff.

### A. BACKGROUND

1. On September 9, 2016, the Plaintiff filed in state court a one-count complaint against the Bank for negligence. (Doc. 2). In the Complaint, Plaintiff alleged the Bank was negligent because it did not stop and delete wire transfers from being sent from Plaintiff's bank account. (Doc. 2 ¶¶ 29-34).

2. On November 4, 2016, the Bank removed the action to this Court. (Doc. 1).

3. On November 9, 2016, the Bank moved to dismiss the Complaint for failure to state a claim because the negligence claim is displaced by the Uniform Commercial Code. (Doc. 4). In its Motion to Dismiss, the Bank requested the Court award it its reasonable attorneys' fees and costs incurred defending the action pursuant to the parties' contract. (Doc. 4 p. 5).

4. On November 29, 2016, the Court granted the Bank's Motion to Dismiss. (Doc. 11).

5. The Bank's contracts with Plaintiff entitle the Bank to an award of all expenses, including its reasonable attorneys' fees, incurred in the course of this litigation.

**B. THE BANK IS ENTITLED TO AN AWARD OF ITS REASONABLE ATTORNEYS' FEES AND COSTS PURSUANT TO ITS CONTRACTS WITH PLAINTIFF.**

**1. The Contracts.**

Plaintiff's bank account is governed by agreements that contain enforceable provisions for recovery of all of the Bank's expenses including attorneys' fees.

**(a) The Deposit Agreement**

Plaintiff has three deposit accounts at the Bank and executed signature cards by which Plaintiff acknowledged receipt of and agreed the accounts would be governed by the Bank's Deposit Agreement as amended from time to time. (Decl. of Kimberly Burkhalter Townsley dated December 13, 2016 ("Townsley Decl.") Comp. Exs. A, G & H, filed contemporaneously). The Bank's Deposit Agreement provides:

> **35. Indemnification; Waiver Of Consequential Damages.**
> To the extent allowed by law, you waive the right to recover consequential damages for our action or inaction in handling your deposit account. If we take any action with respect to

> your account in accordance with your instructions or orders, or in accordance with this Agreement, or if you breach any warranty provided in this Agreement or by law, and we incur any loss, liability, damage, cost or expense (including reasonable attorney's fees) as a result of any claim, demand, action, suit or proceeding brought or made by any party, you agree to indemnify and hold us harmless from and against such loss, liability, damage, cost or expense and to reimburse us for the amount thereof.

(*Id.* at Ex. E § I(35); *see also id.* at Ex. D § I(12) ("[Plaintiff] agree[d] to pay all expenses, including reasonable attorneys' fees, involved in the collection of fees, charges, overdrafts, or the enforcement of any other of [the Bank's] rights or remedies in relation to [Plaintiff's] account.")).

### (b) The Bank's Term's and Conditions for Business Banking & Community Banking Treasury Management Services

On October 24, 2012, Plaintiff requested wire transfer services and acknowledged receipt of and agreed to the Bank's Term's and Conditions for Business Banking & Community Banking Treasury Management Services. (*Id.* at Ex. I). The Bank's Term's and Conditions for Business Banking & Community Banking Treasury Management Services provides:

> 24.   Governing Law; Venue. . . . In the event of any judicial or other adversarial proceeding between the parties relating to or concerning this Agreement, Bank shall be entitled to recover its reasonable attorneys' fees and other costs in addition to any other relief to which it may be entitled in the event that it is the prevailing party.

(*Id.* at Ex. J § I(24)).

### (c) The Wire Transfer Agreement Package

When Plaintiff requested wire transfer services, Plaintiff also executed a Wire Transfer Agreement Package (the "Wire Transfer Agreement"). (*Id.* at Ex. K). On January 15, 2015, Plaintiff executed a replacement Wire Transfer Agreement. (*Id.* at Ex. L § 45). The Wire Transfer Agreement provides:

> **26. Indemnity.** Except as may be limited by the Article 4A of the UCC or other applicable law, you agree to defend, indemnify, protect and hold us and our officers, directors, employees, attorneys, agents and representatives harmless from and against any and all liabilities, claims, damages, losses, demands, fines (including those imposed by any Federal Reserve Bank clearinghouse or funds transfer system), judgments, disputes, costs, charges and expenses (including attorneys' fees and the costs of litigation, arbitration or other dispute resolution) which relate in any way to (a) your failure to comply with all the terms and conditions of the agreement, (b) the failure of the representations and warranties that you make to us to be true and correct in all material respects at anytime, (c) any instructions you give us or (d) the services or the agreement and (e) our enforcement of our rights and remedies under the agreement against you.

(*Id.* at Ex. L § 26).

### (d) The Master Agreement for Treasury Management Services

The Wire Transfer Agreement states: "Funds transferred via Regions Bank's iTreasury Service are subject to the terms and conditions set forth in this funds transfer agreement, the exhibits described below, and the Master Agreement for Treasury Management Services ("Master Agreement"). (*Id.* at Ex. L § 1). The Master Agreement provides:

> 26.    <u>Governing Law; Venue</u>. . . . In the event of any judicial or other adversarial proceeding between the parties relating to or concerning this Agreement, Bank shall be entitled to recover

> its reasonable attorneys' fees and other costs in addition to any other relief to which it may be entitled in the event that it is the prevailing party.

(*Id.* at Ex. N § I(26)).

## 2. **The Claim.**

Plaintiff sued the Bank and alleged the Bank was negligent because it did not stop and delete wire transfers from being sent from Plaintiff's account via iTreasury. (Doc. 2 ¶¶ 29-34). The Bank defended the suit and prevailed. (Docs. 4 & 11).

## 3. **The Bank has Contractual Rights to Recover from Plaintiff Its Reasonable Attorneys' Fees and Related Nontaxable Expenses Incurred in this Action.**

The Deposit Agreement is governed by Florida law while the Wire Transfer Agreement and the Master Agreement are governed by Alabama law. (Townsley Decl. Ex. D § I(44), Ex. I § 38; Ex. K § I(26)). Under Florida law, "[p]rovisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced. Trial courts do not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good faith." *North Am. Clearing, Inc. v. Brokerage Computer Sys.*, 395 Fed. App'x 563, 567 (11th Cir. Fla. 2010) (quoting *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005)). The same is true under Alabama law. *SE Prop. Holdings, LLC v. Elliott*, 2013 U.S. Dist. LEXIS 31313, at *16, 2013 WL 870219 (S.D. Ala. Mar. 7, 2013) ("[A]ttorney fees may be recovered if they are provided for by statute or by contract.") (quoting *Jones v. Regions Bank*, 25 So. 3d 427, 441 (Ala. 2009)). The parties' contracts entitle the Bank to recover from Plaintiff the reasonable attorneys' fees and nontaxable expenses it incurred defending this action.

The Master Agreement entitles the Bank to recover its reasonable attorneys' fees and other expenses in the event that it is the prevailing party in any litigation between the parties relating to or concerning that agreement. (Townsley Decl. Ex. N § I(26)). Plaintiff sued the Bank for failing to stop and delete wire transfers initiated through the Bank's iTreasury system. (*See* Doc. 2 ¶¶ 8, 29-34). Plaintiff agreed the Master Agreement governs Plaintiff's use of the iTreasury system. (Townsley Decl. Ex. L § 1). Because this is an action between the parties that relates to the Master Agreement and the Bank is the prevailing party, the Bank is entitled to recover from Plaintiff the reasonable attorneys' fees and other costs it incurred defending this lawsuit. (*See* Doc. 11).

Plaintiff also agreed "[f]unds transferred via Regions Bank's iTreasury Service are subject to the terms and conditions set forth in the [Wire Transfer Agreement]." (Townsley Decl. Ex. L § 1). In the Wire Transfer Agreement, Plaintiff agreed to indemnify, protect and hold the Bank harmless from expenses, including attorneys' fees and the costs of litigation, that relate in any way to that agreement or the services provided thereunder. (*Id.* at Ex. L § 26). Thus, the Wire Transfer Agreement also entitles the Bank to recover its reasonable attorneys' fees and other expenses incurred defending this action.

Finally, the Deposit Agreement contains a provision entitling the Bank to recover its reasonable attorneys' fees and other costs. In the Deposit Agreement, Plaintiff agreed to reimburse the Bank for any expense including reasonable attorney's fees incurred as a result of any claim made by any party. (*Id.* at Ex. E § I(35); *see also* Ex. F § I(35)). Because the Bank incurred attorneys' fees and other expenses defending Plaintiff's claim, Plaintiff must reimburse the Bank for those expenses.

C.  **ESTIMATE AND FURTHER PROCEEDINGS**

Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(iii), the Bank states a fair estimate of the amount of expenses including reasonable attorneys' fees incurred in this action currently total approximately $12,000.00, not including taxable costs that are the subject of the Bank's contemporaneously filed Motion to Tax Costs to Plaintiff. The Bank requests the Court establish a schedule and procedure for submissions of additional evidentiary support for this application. *See* Fed. R. Civ. P. 54(d)(2) advisory committee's notes to 1993 Amendments ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case."); *see also Kohler v. Garlets*, 2014 U.S. Dist. LEXIS 65555, at *4 (M.D. Fla. Apr. 18, 2014) ("Rule 54 requires a motion for attorneys' fees be filed within fourteen (14) days of the entry of judgment, explain the grounds entitling the party to an award of attorneys' fees, and state the amount of or fair estimate of fees sought.")

WHEREFORE, the Bank respectfully requests entry of an Order finding the Bank is entitled to recover from Plaintiff the expenses including reasonable attorneys' fees it incurred in this action, and granting such other and further relief as this Court deems proper.

**LOCAL RULE 3.01(G) CERTIFICATE**

The Bank's counsel certifies that, pursuant to Local Rule 3.01(g), the Bank's counsel conferred in good faith via telephone with Plaintiff's counsel, Luis Fermin, on December 9, 2016 in an effort to resolve the issues raised in this Motion but the parties were unable to agree to the relief requested herein.

                                                                */s/Kelly J. Ruoff*
DALE W. CRAVEY, FBN: 0856428
dcravey@trenam.com
KELLY J. RUOFF, FBN: 084632
kruoff@trenam.com
**TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.**
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
Tel: (727) 896-7171
Fax: (727) 820-0835
Attorneys for Defendant Regions Bank

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 13, 2016 a true and correct copy of the foregoing, together with a notice of electronic filing of same, has been furnished via the Court's CM/ECF system to Luis M. Fermin, Esq., Fermin and Fermin, P.A., 500 Winderley Place, Ste. 326, Maitland, FL 32751. A true and correct copy of the foregoing has also been served via U.S Mail and Email on December 13, 2016 Cedella C. Fermin, Esq., cfermin@ferminandfermin.com, service@ferminandfermin.com, Fermin and Fermin, P.A., 500 Winderley Place, Ste. 326, Maitland, FL 32751.

                                                                */s/ Kelly J. Ruoff*
                                                                Attorney