**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED TITLE GROUP, LLC,**

      **Plaintiff,**

**v.**                                         Case No:   6:16-cv-1943-Orl-22GJK

**REGIONS BANK,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT REGION BANK'S MOTION TO TAX COSTS AGAINST PLAINTIFF (Doc. No. 14)** |
| **FILED:** | **December 13, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT REGION BANK'S MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES (Doc. No. 15)** |
| **FILED:** | **December 13, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I.   FACTUAL BACKGROUND

A.  The Complaint

On November 4, 2016, Defendant removed a single-count complaint from state court (the "Complaint"). Doc. No. 2. In the Complaint, Plaintiff alleges that Defendant was negligent in its handling of unauthorized wire transfers sent from Plaintiff's account. *Id* at 4-5. On November 9, 2016, Defendant filed a Motion to Dismiss (the "Motion to Dismiss") arguing that Article 4A of the Uniform Commercial Code preempts Plaintiff's common law negligence claim. Doc. No. 4 at 2-5. Defendant also requested the Court award attorneys' fees pursuant to the parties' contract. *Id.* at 5. Plaintiff did not respond to the Motion to Dismiss. Accordingly, on November 29, 2016, the Court granted the Motion to Dismiss and dismissed the case without prejudice. Doc. No. 11 at 1.[1]

B.  The Motion for Costs

On December 13, 2016, Defendant filed a Proposed Bill of Costs (the "Bill of Costs") and a motion in support thereof (the "Motion for Costs"). Doc. Nos. 13, 14. In the Motion for Costs, Defendant requests that the Court tax costs against Plaintiff in the amount of $400.00, representing the filing fee for removing the action from state court. Doc. Nos. 1, 13, 14 at 2-3. Plaintiff did not file a response to the Motion for Costs.

C.  The Motion for Fees

On December 13, 2016, Defendant filed a Motion for an Award of Reasonable Attorneys' Fees (the "Motion for Fees"). Doc. No. 15. In the Motion for Fees, Defendant argues that four separate contractual provisions entitle it to an award of attorneys' fees. Doc. No. 15 at 2-6. Specifically, Defendant cites to two indemnification provisions and two attorneys' fee provisions in support of its argument. *Id.* Defendant does not quantify the amount of attorneys' fees requested.

---

[1] On December 7, 2016, Plaintiff filed its Unopposed Motion for Relief from Order of Dismissal. Doc. No. 12. On December 14, 2016, the Court denied the motion. Doc. No. 19 at 1.

*Id.* Instead, Defendant provides an estimate of $12,000 and only requests the entry of an order finding that it is entitled to reasonable attorneys' fees.[2] Doc. No. 15 at 7. Defendant also requests that the Court establish a schedule and procedure for submission of additional evidentiary support for the Motion for Fees. *Id.* Defendant filed a declaration in support of the Motion for Fees. Doc. No. 16.

On January 6, 2017, Plaintiff filed a response to the Motion for Fees (the "Response"). Doc. No. 22. In the Response, Plaintiff does not contest the validity of the contractual provisions. Instead, Plaintiff states that the aforementioned provisions do not entitle Defendant to attorneys' fees because: 1) the case is not inextricably intertwined with the attorneys' fee provisions; and 2) the indemnification provisions are inapplicable to Plaintiff's negligence action. Doc. No. 22 at 1-4. On February 8, 2017, Defendant filed a reply (the "Reply") arguing that: 1) the case was inextricably intertwined with the attorneys' fee provisions; 2) Defendant is entitled to recover its attorneys' fees under the unambiguous indemnity provisions. Doc. No. 25 at 2-4.[3]

**II.    ANALYSIS**

    **A. The Motion for Costs**

As stated above, Defendant requests $400.00 in taxable costs for removing the action from state court. Doc. Nos. 1, 13, 14 at 2-3. Plaintiff did not file a response to the Motion for Costs, and did not file any objections to the Bill of Costs. Accordingly, the Court finds that the Motion for Costs is unopposed. Furthermore, Defendant's removal fees are recoverable under 28 U.S.C. § 1920. *See Egwuatu v. Burlington Coat Factory Warehouse Corp.*, No: 8:10-CV-996-T-33TGW,

---

[2] Rule 56 does not require that a motion for attorneys' fees be supported with evidence at the time of filing. The rule only requires the filing of a motion sufficient to alert the Court and the opposing party that there is a claim for fees and a fair estimate of such fees. *See Kendrick v. Broadcast Media Group LLC*, Civil Action No. 2:02CV1034-N, 2006 WL 2709846, at * 2 n.2 (M.D. Ala. Sept. 20, 2006) (citing Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments).

[3] On February 3, 2017, the Court granted Defendant leave to file a reply memorandum. Doc. No. 24.

2011 WL 3793457, at *6 (M.D. Fla. Aug. 25, 2011) ("Specifically, the removal fee and costs for service of process are compensable under § 1920(1)"). Based on the forgoing, the undersigned recommends that the Court grant the Motion for Costs as unopposed.

**B.  The Motion for Fees**

In the Motion for Fees, Defendant argues that two attorneys' fee provisions entitle it to an award of attorneys' fees Doc. No. 15 at 3-5. Plaintiff argues that Defendant is not entitled to attorneys' fees because the case is not inextricably intertwined with the aforementioned provisions. Doc. No. 22 at 1-2.

On October 24, 2012, Plaintiff requested wire transfer services from Defendant and agreed to the Defendant's Terms and Conditions for Business Banking & Community Banking Treasury Management Services (the "Services Agreement"). Doc. No. 15 at 3; Doc. No. 16 at 4; Doc. No. 17-3 at 1. The Services Agreement is governed by Alabama law and contains a broad attorneys' fee provision:

> 24. <u>Governing Law; Venue</u>: The Agreement… shall be governed by and construed in accordance with the laws of the State of Alabama…<u>In the event of any judicial or other adversarial proceeding between the parties relating to or concerning this Agreement, [Defendant] shall be entitled to recover its reasonable attorneys' fees and other costs</u> in addition to any other relief to which it may be entitled in the event that it is the prevailing party.

Doc. No. 17-4 at 12-13 (emphasis added).

On October 24, 2012, Plaintiff executed a Wire Transfer Agreement Package (the "Wire Transfer Agreement"). On January 15, 2015, Plaintiff executed an updated version of the Wire Transfer Agreement. Doc. No. 15 at 4; Doc. No. 16 at 4; Doc. No. 18-1 at 8, 10. The Wire Transfer Agreement states that: "[f]unds transferred via [Defendant's wire transfer service] are subject to the terms and conditions set forth in [the Wire Transfer Agreement], the exhibits described below,

and the Master Agreement for Treasury Management Services [the "Master Agreement"]." Doc. No. 18-1 at 2 (emphasis added). The Master Agreement, amended in July 2015, is governed by Alabama law and contains a similar attorneys' fee provision as the one found in the Services Agreement:

> 26. Governing Law; Venue: The Agreement… shall be governed by and construed in accordance with the laws of the State of Alabama…In the event of any judicial or other adversarial proceeding between the parties relating to or concerning this Agreement, [Defendant] shall be entitled to recover its reasonable attorneys' fees and other costs in addition to any other relief to which it may be entitled in the event that it is the prevailing party.

Doc. No. 17-8 at 12-13; Doc. No. 17-4 at 12-13 (emphasis added).[4] Thus, the Services Agreement and the Master Agreement (hereinafter, the "Attorneys' Fee Agreements") are governed by Alabama law and apply to any judicial or adversarial proceeding relating to or concerning the aforementioned agreements.

"Under Alabama law, it is well settled that provisions relating to attorneys' fees are enforceable." *Subway Rests., Inc. v. Madison Square Assoc., Ltd,* 613 So.2d 1255, 1257 (Ala. 1993). The Court finds that Defendant is entitled to attorneys' fees for two reasons. First, Plaintiff agreed that transactions involving Defendant's wire transfer service are governed by the Attorneys' Fee Agreements. Plaintiff "acknowledge[d] receipt of…agree[d] to, and accept[ed]…" the Services Agreement. Doc. No. 15 at 3; Doc. No. 16 at 4; Doc. No. 17-3 at 1; Doc. No. 18-1 at 2 ("Funds transferred via [Defendant's wire transfer service] are subject to…the [Master Agreement]"). The essence of Plaintiff's negligence claim was based on funds that were wrongfully transferred via Defendant's wire transfer service. Doc. No. 2 at 2-5. Thus, because Defendant is the prevailing party in a judicial proceeding regarding fund transfers that were subject

---

[4] The Master Agreement was amended in July 2015. Doc. No. 16 at 5. The Court will use the version of the Master Agreement that was effective at the time Plaintiff initiated its suit. Doc. No. 17-8.

to the Attorney Fee Agreements, the Court finds that the broad attorneys' fee provisions encompass Plaintiff's claim.

Second, Plaintiff presents no proper authority supporting its argument that its negligence claim does not relate to or concern the Attorneys' Fee Agreements. Doc. No. 22 at 2. In the Response, Plaintiff cites to authority standing for the proposition that a claim arises out of a contract if it is "inextricably intertwined with the contract." Doc. No. 22 at 2 (citing *Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2003)). Nevertheless, Plaintiff only cites to Florida authority. *Id.* The Attorneys' Fee Provisions are governed by Alabama law. Doc. No. 17-4 at 12-13; Doc. No. 17-8 at 12-13. Thus, because the broadly written attorneys' fee provisions encompass Plaintiff's claim, and Plaintiff provides no Alabama authority as to why Defendant should not be awarded attorneys' fees under the Attorneys' Fee Agreements, the undersigned recommends that the Court find Defendant entitled to attorneys' fees.[5]

### III. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion for Costs (Doc. No. 14) and direct the Clerk to enter judgment in favor of Defendant for $400.00; and

---

[5] In the Motion for Fees, Defendant also argues that two indemnification provisions (one under Alabama law and one under Florida law) entitle it to an award of attorneys' fees. Doc. No. 15 at 2, 4; Doc. No. 16-5 at 15, 17 (Florida indemnification and Florida choice of law provision); Doc. No. 18-1 at 6, 7 (Alabama indemnification and Alabama choice of law provision). Plaintiff cites Alabama and Florida authority standing for the proposition that an indemnitee cannot be indemnified for its own negligence unless the agreement unequivocally provides for such indemnification. Doc. No. 22 at 3-4.

Florida courts, however, have not applied this rule when there is no evidence that the indemnitee was liable for negligence. *Transport Intern. Pool, Inc. for Use and Ben. Of Home Ins. Co. v. Pat Salmon & Sons of Florida, Inc.*, 609 So.2d 658, 660 (Fla. 4th DCA 1992) ("Because there is no evidence in this record that… the indemnitee, was guilty of negligence, the foregoing principle could not be invoked to invalidate the indemnity provision. There being no other basis to find it invalid, we must find that it is valid and enforceable."). Thus, the indemnification provision that is governed by Florida law provides another basis for granting the Motion for Fees. Doc. No. 16-5 at 15, 17.

2) **GRANT** the Motion for Fees (Doc. No. 15) and find that Defendant is entitled to an award of attorneys' fees; and

3) Establish a schedule and procedure for submission of additional evidence in support of Defendant's application for attorneys' fees.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 7, 2017.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy